```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
DANIEL A. RILES II,            :
                               :
     Petitioner,               :
                               :        PRISONER
v.                             :   Case No. 3:14CV1420 (RNC)
                               :
WARDEN, STATE PRISON,          :
                               :
     Respondent.               :
```

## RULING AND ORDER

Petitioner Daniel Riles, a Connecticut prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the ground that petitioner has failed to exhaust state remedies. Petitioner responds that inordinate delay in state proceedings allows him to obtain federal review. For reasons that follow, the motion to dismiss is granted.

I.  Background

In February 2008, after a jury trial at which petitioner proceeded pro se, petitioner was found guilty of attempted robbery in the first degree and criminal possession of a firearm. On June 10, 2008, petitioner was sentenced to fifteen years' incarceration. At the sentencing hearing, he was given appeal forms including a form to be used to apply for a waiver of fees and costs on appeal. Petitioner's appointed standby counsel, Dennis P. McDonough, explained the forms to him. Petitioner signed and returned the forms to the clerk that day.

1

In mid- to late-July 2008, while incarcerated at Northern Correctional Institution, petitioner received correspondence from the clerk returning his application for a waiver of fees and costs because his signature on the application was not notarized. Still representing himself, petitioner had the form notarized and mailed to the clerk's office.  The form was not docketed, however, apparently because the time for filing the appeal had expired.  As a result, the appeal was never perfected. Petitioner states that he assumed the appeal had been filed and was progressing.

In August 2009, petitioner inquired about the status of his appeal.  The clerk's office notified him that no appeal had been filed.  Petitioner was informed that he could try to have his right to appeal restored by filing a petition for writ of habeas corpus in state court.

In November 2009, petitioner filed a state habeas petition. He moved for appointment of counsel and Attorney Barbara Sorrentino was appointed to represent him.  In April 2010, before proceeding with the habeas case, Attorney Sorrentino filed a motion in the Appellate Court seeking permission to file a late appeal on petitioner's behalf.  In July 2010, the motion was denied without explanation.  Attorney Sorrentino did not seek Supreme Court review of the denial by filing a petition for certification to appeal.

2

In October 2012, after new counsel was appointed to represent petitioner in the habeas case, an amended petition was filed.  The amended petition claimed that petitioner's right to appeal his conviction had been denied in violation of due process, Attorney Sorrentino had rendered ineffective assistance in failing to seek certification, and Attorney McDonough's performance as standby counsel had been deficient in various ways.

In December 2012, a day-long hearing was held on the claims in the amended petition.  The hearing was continued to give petitioner's counsel an opportunity to consider whether to file an amended petition alleging that the state presented perjured testimony at the criminal trial.  In July 2013, the hearing on the habeas petition resumed.  At that time, petitioner's counsel informed the court that in his opinion there was no legal basis for any new claims.

In April 2014, the state habeas court issued a written decision denying the petition.  See Riles v. Warden, TSR-CV09-4003253-S, 2014 WL 2024902 (Conn. Super. Ct. April 21, 2014)).  The court ruled that it lacked authority to review the Appellate Court's denial of the motion for permission to file a late appeal, the claim based on Attorney Sorrentino's failure to seek certification was not ripe (no petition for certification to file a late appeal having been filed with the Supreme Court), and the

claims regarding Attorney McDonough's performance as standby counsel were unproven.

On May 23, 2014, petitioner filed a timely appeal, and counsel was appointed to represent him.  Less than a month later, his counsel submitted a letter to the clerk withdrawing the appeal.  The letter explained that after consulting with counsel, petitioner no longer wished to pursue the appeal.  Petitioner then filed this action pro se.

The petition lists five grounds for relief: (1) petitioner has been denied his right to appeal in violation of due process; (2) the state presented false testimony at the criminal trial; (3) Attorney McDonough rendered ineffective assistance as standby counsel; (4) Attorney Sorrentino rendered ineffective assistance as post-conviction counsel; and (5) the judge who denied petitioner's state habeas petition was biased against him.

II.  Discussion

A federal court may entertain a petition for habeas corpus by a state prisoner if the prisoner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).  Before filing a habeas petition in federal court, a state prisoner must exhaust state court remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement is satisfied by presenting the factual and legal bases for the federal claims to the highest court of

the state, either through direct appeal or a collateral proceeding.  See O'Sullivan, 526 U.S. at 845; Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005).  The exhaustion requirement can be excused if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1)(B).

In this case, two of the grounds for relief set forth in the petition have not been presented to any state court: the claim that the state presented perjured testimony at the criminal trial; and the claim that the state habeas judge was biased.  With regard to these two claims, petitioner has not shown either an absence of state corrective process or circumstances making the state process ineffective.  Thus, the exhaustion requirement prevents consideration of these claims.

The remaining claims in the petition were presented to the state habeas court.  But they are unexhausted due to petitioner's withdrawal of his appeal.  Petitioner advances two arguments in support of excusing the exhaustion requirement as to these claims.  First, he argues that "egregious" delay by the state in providing him with appellate review of his conviction entitles him to unconditional release.  Second, he argues that withdrawal of the habeas appeal was justified. See Pet. (ECF No. 11) at 23 ("[T]he appellate court already had their chance to remedy this fundamental miscarriage of justice [and] would only further this

injustice [and] cause petitioner to remain incarcerated."). Neither argument provides a basis for excusing petitioner's failure to exhaust as to these three claims.

In support of the first argument, petitioner emphasizes that he has served more than half his lengthy sentence without appellate review of his conviction.  Inordinate and unjustified delay in state appellate proceedings may allow a petitioner to seek federal review before state proceedings are completed.  See Cody v. Henderson, 936 F.2d 715, 718-19 (2d Cir. 1991)(exhaustion requirement excused by nine year delay in state appellate process); Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990) ("The doctrine of exhaustion . . . does not require a prisoner to wait six years . . . or even three or four years before enlisting federal aid . . . .").  But this is not a case in which the state has unreasonably delayed hearing a criminal appeal. Unfortunately, petitioner's direct appeal never got off the ground, apparently because of the late filing of the notarized application for a waiver of fees and costs.

Inordinate and unjustified delay by the state in processing a habeas claim may render the state remedy ineffective.  See Chowlewinski v. Armstrong, No. 3:98CV1964(SRU), 2000 WL 303252, *3 (D. Conn. Feb. 16, 2000).  In deciding whether delay has rendered a state remedy ineffective, a federal court will consider the status of the state proceeding.  See United States

6

ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972).  Delay in processing a state habeas petition may be insufficient to justify dispensing with the exhaustion requirement if a hearing has been held and a ruling has been issued.  See Cristin v. Brennan, 281 F.3d 404, 411 (3rd Cir. 2002).

In this case, the pre-hearing delay in the state habeas proceeding was substantial.  After the Appellate Court denied Attorney Sorrentino's motion for permission to file a late appeal, approximately two years passed before the hearing commenced on the state habeas petition.  The docket sheet for the state habeas case, which is available online, reflects little activity of substance during this period.  Once the hearing commenced, the proceeding moved forward at a customary pace until petitioner withdrew his appeal.

It is not apparent that all the pre-hearing delay in the state habeas case is fairly charged against the state.  More importantly, Mr. Riles commenced this federal case after the state habeas proceeding had gone to trial and a decision had been issued on the merits.  When a previously-stalled state habeas proceeding has come to life and progressed this far, a federal court will give the state appellate courts an opportunity to hear the claims.  See Wallace v. Dragovich, 143 Fed. App'x. 413, 418-19 (3rd Cir. July 22, 2005).

Petitioner correctly argues that a federal court may

dispense with the exhaustion requirement when further state litigation would be futile.  See Nix v. Whiteside, 475 U.S. 157, 163 n.3 (1986); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  But he has not shown that his appeal was futile.  That the Appellate Court previously refused to permit him to file a late appeal is of no moment.  See Argiros v. Torres, No. 3:09CV1088(ATW), 2010 WL 2377111, at *2 (D. Conn. June 10, 2010) ("The fact that the petitioner does not trust the state courts is not a sufficient reason to excuse exhaustion of his claim.").  Comity dictates that "a petitioner may not bypass state courts merely because they may be unreceptive to the claim." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003); see also Engle v. Isaac, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

It is not apparent that petitioner is now procedurally barred from obtaining relief in state court.  The Connecticut Appellate Court appears to have jurisdiction to reinstate the habeas appeal if it chooses to do so.  See, e.g., Janulawicz v. Commissioner of Correction, 77 A.3d 113, 118-119 (Conn. 2013) (discussing discretion of appellate courts to determine whether

to permit a late appeal to go forward); Conn. R. App. P. 60-2 ("The court may . . . on its own motion or upon motion of any party . . . (6) order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document, unless the court lacks jurisdiction to allow the late filing."); Conn. R. App. P. 60-3 ("In the interest of expediting decision, or for other good cause shown, the court in which the appeal is pending may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its own motion and may order proceedings in accordance with its direction.").

In short, all the claims in the petition are unexhausted and petitioner has not shown that his failure to exhaust can be excused.  In these circumstances, the petition must be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (imposing "total exhaustion" requirement); Clarke v. Griffin, No. 13CIV4812NSRJCM, 2016 WL 206476, at *3 (S.D.N.Y. Jan. 14, 2016) (court has discretion to stay case, rather than dismissing it, only if it involves "a mixed petition").

IV.  Conclusion

Accordingly, the motion to dismiss is hereby granted and the petition is denied without prejudice to refiling after petitioner has exhausted state court remedies.  Because petitioner has not made a substantial showing of a denial of a constitutional right,

a certificate of appealability will not issue.  The Clerk may close the case.

    So ordered this 29th day of March 2016.

                                         /s/ RNC
                                     Robert N. Chatigny
                        United States District Judge